IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
Rousselot B. V.                                          :
                                                         :
                                Plaintiff,               :      **COMPLAINT**
        v.                                               :
                                                         :
                                                         :
Probactive Biotech, Inc. d.b.a.                          :
St. Paul Brands                                          :
                                                         :
                                Defendant.               :
                                                         :
---------------------------------------------------------x

Plaintiff Rousselot ("Rousselot"), by and through its attorneys, for the Complaint alleges as follows:

1.  Plaintiff Rousselot is a corporation organized under the laws of the Netherlands, with its principal address at Kanaaldijk Noord 20-21, NL-5691, NM Son, Netherlands.

2.  On information and belief, defendant Probactive Biotech, Inc. doing business as St. Paul Brands is a California corporation with an address at 11555 Monarch Street, Garden Grove, California 92841. ("St. Paul").

**JURISDICTION AND VENUE**

3.  This civil action arises under the Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. Section 1051, et. seq the New York General Business Law, N.Y. Gen. Bus. Law Section 350 and the common law of the State of New York.

4.  This Court has subject matter jurisdiction of this civil action pursuant to 15 U.S.C. Section 1121 and 28 U.S.C. 1331, 1338 and 1367.

5. This Court has personal jurisdiction over the Defendant because the Defendant has committed trademark infringement, unfair competition and other torts in this district.

6. Venue is proper in this District Court pursuant to 28 U.S.C. Section 1391.

## FACTS

7. Rousselot owns all rights title and interest in United States Trademark Registration Number 4047500 which was issued on November 1, 2011 for the trademark PEPTAN for Biochemicals, namely, collagen for industrial use; Collagen for cosmetic use, namely, collagen preparations as cosmetics; chemical preparations for medical or pharmaceutical use, namely, pharmaceutical preparations for the treatment of obesity, osteoporosis and arthritis; gelatin for medical use, namely, gelatin used as a coating for the manufacture of coated tablets; gelatin included in the composition of pharmaceutical products, namely, gelatin used as a bonding agent and as a coating for the manufacture of coated tablets; gelatins for coating pharmaceutical products, namely, empty gelatin capsules for containing vitamins and suppositories; nutritional additives for medical use for use in foods and dietary supplements for human consumption, containing collagen; Food additives for non-nutritional purposes for use as a flavoring, namely, collagen ("PEPTAN Registration").

8. The PEPTAN Registration is incontestable pursuant to 15 U.S.C. Section §1065.

9. Rousselot and its predecessors in interest have used, advertised, offered for sale, sold and distributed goods bearing the PEPTAN trademark in interstate commerce in the United States beginning in January 2009.

10. On information and belief, Defendant St. Paul owns and operates a business that manufactures and sells dietary supplements and does this from its website at "http://www.stpaulbrands.com".

11. On information and belief, Defendant advertises, offers for sale and sells a product bearing the name JEX PEPTAN MAX on its website as follows:



12. On information and belief, the JEX PEPTAN MAX product bears the mark PEPTAN in more than eight different places including the product label, package carton and packing inserts.

13. All of the uses of the PEPTAN trademark by Defendant are without the authorization and consent of Plaintiff Rousselot.

14. On information and belief, Defendant had knowledge of Plaintiff's rights in the PEPTAN mark prior to adopting and using the PEPTAN mark on its goods.

15. Plaintiff Rousselot contacted the Defendant St Paul to stop using the PEPTAN trademark without Plaintiff Rousselot's consent, and Defendant St. Paul willfully refuses to cooperate with this request.

16. On information and belief, Defendant advertises and offers for sale the alleged infringing JEX PEPTAN MAX product in the United States including this judicial district.

17. On information and belief, Defendant conducts business in this judicial district.

## FIRST CLAIM

(Infringement of a Federal registered Trademark)

18. All preceding paragraphs herein are realleged and incorporated by reference in this claim.

19. This claim is for violation of Section 32 of the Lanham Act, 15 U.S.C. 1114, because Defendant is advertising, offering for sale and selling a product using colorable imitation of Plaintiff's trademark PEPTAN which is likely to cause confusion without Plaintiff's consent.

20. Defendant was aware of Plaintiff's rights in the PEPTAN mark prior to making such unauthorized use of Plaintiff's PEPTAN mark.

21. Defendant's use of the PEPTAN mark is likely to cause consumer confusion and mistake as to the source and origin of Defendant's JEX PEPTAN MAX goods which constitutes federal trademark infringement.

## SECOND CLAIM

(False designation of origin and unfair competition under Federal Law)

22. All preceding paragraphs herein are realleged and incorporated by reference in this claim.

23. This claim is for violation of Section 42(a) of the Lanham Act 15 U.S.C. Section 1125(a).

24. Defendant's advertising, offering for sale and selling products that bear Plaintiff's PEPTAN mark without Plaintiff's consent constitutes false designation of origin and unfair competition under Section 42(a) of the Lanham Act because Defendant is passing off it JEX PEPTAN MAX goods as good made by Plaintiff.

25. Such actions by Defendant constitute false designation of origin and unfair competition under federal law.

### THIRD CLAIM

(Deceptive Trade Practices under New York Law)

26. All preceding paragraphs herein are realleged and incorporated by reference in this claim.

27. This claim is for deceptive trade practices under New York state law.

28. Defendant's aforesaid acts of using Plaintiff's PEPTAN mark without authorization or consent is a violation of Section 350 of New York General Business law.

### FOURTH CLAIM

(Common Law Unfair Competition)

29. All preceding paragraphs herein are realleged and incorporated by reference in this claim.

30. This claim is for unfair competition under the common law for the state of New York.

31. Defendant's aforesaid acts of using, advertising and selling products using Plaintiff's PEPTAN trademark without Plaintiff's consent which allows Defendant to pass off

Defendant's JEX PEPTAN MAX product as a product made or associated with Plaintiff constitutes unfair competition under the common law of the state of New York.

WHEREFORE, Plaintiff prays that the Court:

(i) permanently enjoin Defendant for its acts of trademark infringement, false designation of origin, unfair competition and deceptive trade practices;

(ii) award Rousselot compensatory damages as provided by law;

(iii) award Rousselot statutory damages as provided by law;

(iv) award Rousselot punitive and exemplary damages as provided by law;

(v) award Rousselot its costs, disbursements, and attorneys' fees incurred in bringing this action; and

(vi) order such other relief as this court deems appropriate.

Dated: November 27, 2018

Respectfully Submitted,

Ned W. Branthover (NWB 6230)
ABELMAN, FRAYNE & SCHWAB
666 Third Avenue
New York, New York 10017
Tel: 212-949-9022
Fax: 212 949-9190
Email: nwbranthover@lawabel.com
**Attorneys for Plaintiff**